UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

D-1 Abdulsamad Almaliky,

    Defendant.
_____/

Case: 2:21-cr-20105
Assigned To : Steeh, George Caram
Referral Judge: Whalen, R. Steven
Assign. Date : 2/11/2021
Description: INFO USA V. ALMALIKY (NA)

Violations:
18 U.S.C. §§ 1343; 2

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES

### COUNT ONE
### 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2

D-1 Abdulsamad Almaliky

1. Beginning in or around March 2014 and continuing through on or about March 15, 2016, in Wayne County, in the Eastern District of Michigan, and elsewhere, defendant ABDULSAMAD ALMALIKY knowingly devised and executed a scheme or artifice to defraud and to obtain money from the United States Department of Agriculture's Food and Nutrition Service by means of materially false and fraudulent pretenses, representations, and promises.

2. At all times relevant to this Information, the defendant was either the actual owner, the beneficial owner and operator, or an employee of Sumer

Supermarket (the Market), located at 6000 Chase Road, Dearborn, Michigan, in the Eastern District of Michigan.

3. During the above period, the Market was authorized to accept SNAP benefits (formerly known as food stamp benefits), which can only be used to purchase certain eligible food items. SNAP benefits were and are funded by the United States Department of Agriculture (USDA), through its Food and Nutrition Service (FNS).

4. As a participating food retailer in the SNAP program, the Market had on its premises a computerized Electronic Benefit Terminal (EBT) to process electronic benefit transactions under the SNAP program.

5. In executing the scheme to defraud, the defendant purchased or directed the purchase of Supplemental Nutrition Assistant Programs (SNAP) benefits from SNAP beneficiaries in violation of program regulations.

6. Specifically, the defendant provided SNAP beneficiaries cash, and/or non-eligible food items for their SNAP benefits at a discounted rate; that is, defendant purchased SNAP benefits from SNAP beneficiaries for less than 100% of their value, and then obtained 100% of their value from FNS by fraudulently processing the transactions, through the EBT at the market, as though defendant had sold eligible food items to the SNAP beneficiaries at the market and was eligible for reimbursement.

7. Defendant either conducted the above-described fraudulent SNAP transactions himself or caused employees to conduct them while acting under defendant's direction.

8. Every SNAP transaction through an EBT at the Market resulted in the transmission of electronic data, by wire, from the State of Michigan to another state and subsequently generated return transmissions from that other state back to Michigan. This activity therefore caused the knowing transmission, via wire, of various writings, signs, signals, pictures, or sounds in interstate commerce.

9. When defendant and his employees acting under his direction conducted these EBT transactions, as described above, defendant knew that federal law prohibited the sale of SNAP benefits for cash. It was because of this knowledge that Defendant and his employees fraudulently disguised the purchase of SNAP benefits as the purchase of eligible food items.

10. All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
### 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

11. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

12. As a result of violating Title 18, United States Code, as set forth in this Information, Defendant shall forfeit to the United States any property, real or

personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and/or 982(a), and Title 28, United States Code, Section 2461.

13. <u>Substitute Assets</u>:  If the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

14. <u>Money Judgment</u>:  Upon conviction of the violation alleged in this Information, the United States will seek a forfeiture money judgment against Defendants in an amount equal to the total amount of proceeds obtained as a result

of Defendant's violations of Title 18, United States Code, Section 1343 as alleged in this Information.

Saima S. Mohsin
Acting United States Attorney

*s/John K. Neal*
JOHN K. NEAL
Chief, White Collar Crime Unit

*s/Ryan A. Particka*
RYAN A. PARTICKA
Assistant United States Attorney

Dated: February 10, 2021

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>21-20105 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes  ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. Abdulsamad Almaliky

**County where offense occurred:** Wayne

**Check One:** ☒ Felony  ☐ Misdemeanor  ☐ Petty

 ____Indictment/ ✓ Information --- **no** prior complaint.
 ____Indictment/____Information --- based upon prior complaint [**Case number:** _____]
 ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____  **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 10, 2021
Date

Ryan A. Particka
Ryan A. Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 348-8178
Fax: (313) 226-2873
E-Mail address: Ryan.particka@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.